Harry "Hap" P. Weitzel, Esq. (SBN 149934)
PEPPER HAMILTON LLP
4 Park Plaza, Suite 1200
Irvine, CA 92614-5955
Tel.: 949.567.3500
Fax: 949.863.0151
weitzelh@pepperlaw.com

M. Kelly Tillery, Esq.[1]
Noah S. Robbins, Esq.[1]
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Tel: 215.981.4000
Fax: 215.981.4750
tilleryk@pepperlaw.com
robbinsn@pepperlaw.com

Attorneys for Plaintiff ADT Security Services, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| ADT SECURITY SERVICES, INC., | CIVIL ACTION No. C 11-05149 JW |
| Plaintiff, | **STIPULATION FOR AGREED PRELIMINARY INJUNCTION** |
| vs. | |
| SECURITY ONE INTERNATIONAL, INC., FRANK GARDINER, CLAUDIO HAND, MARCOS HAND and THOMAS NEMETH, | JURY TRIAL DEMANDED |
| Defendants. | |

**WHEREAS**, Plaintiff ADT Security Services, Inc. ("ADT") has filed a Complaint against, among others, SECURITY ONE INTERNATIONAL, INC., FRANK GARDINER and CLAUDIO HAND ("Defendants") alleging that they have made certain misrepresentations to ADT's customers;

---

[1] Pro Hac Vice Applications pending.

1        **WHEREAS**, Defendants deny the allegations in the Complaint;

2        **WHEREAS**, ADT has moved, in connection with its Complaint, for a

3   Preliminary Injunction enjoining Defendants from making any alleged misrepresentations and

4   specific misconduct;

5

6        **WHEREAS**, a hearing on the Preliminary Injunction was scheduled before the

7   Court on November 14, 2011 at 9:00 a.m. in Courtroom 9 at the Phillip Burton Federal Building

8   & United States Courthouse, 19th Floor, 450 Golden Gate Avenue, San Francisco, California

9   94102, and was continued to 1:30pm at the request of ADT and SECURITY ONE and,

10        **WHEREAS**, the parties wish to save the Court and themselves the expense and

11   time involved with a Preliminary Injunction hearing;

12        The parties hereby voluntarily stipulate that a preliminary injunction be entered

13   along the following terms:

14

15        1.     Defendants, their agents, servants, employees, officers, attorneys,

16   successors, and assigns are PRELIMINARILY ENJOINED pending further Order of this Court,

17   from:

18        a.     Informing ADT customers that ADT has authorized SECURITY

19   ONE to take over or handle the accounts or technical support service for ADT customer

20   accounts;

21        b.     Informing ADT customers that SECURITY ONE has "bought

22   out" ADT and is ADT's new security service provider;

23        c.     Informing ADT customers that ADT is not capable of handling

24   its existing clients and therefore is giving SECURITY ONE ADT customer accounts;

25        d.     Representing to ADT customers that SECURITY ONE is

26   affiliated with ADT and that ADT has authorized SECURITY ONE to provide an "upgrade" to

27   ADT's security system;

28

STIPULATION FOR
AGREED PRELIMINARY INJUNCTION                         Case No. C-11-05149-JW

          e.      Informing ADT customers that ADT is transferring select accounts to SECURITY ONE to receive a better rate;

          f.      Making any false statement that SECURITY ONE is an agent of ADT.

          g.      Making a false statement to any ADT customer that  ADT is no longer doing business, or has limited or eliminated any services;

          h.      Making any material false statement of fact regarding ADT including, but not limited to, function, performance, capabilities, specifications, features, requirements, reliability, availability, origin, sponsorship, approval, or design of any ADT equipment, alarm system, sales, or service.

          i.      Making calls by telephone to any ADT call center or customer support hotline posing as an ADT customer or potential customer.

      **2.**      Nothing contained herein is intended to or shall constitute an admission of fact or liability on the part of any party.  All parties shall retain all defenses to all claims and counterclaims now existing or hereafter filed.

      **3.**      This Stipulation for Agreed Preliminary Injunction does not constitute any finding of fact or law on the merits of Plaintiff's claims or Defendants' defenses nor shall it be admissible for any purpose whatsoever,  except as may be necessary to prove any violation hereof.

      **4.**      Any person or entity subject to this Stipulation for Agreed Preliminary Injunction who fails to comply herewith and/or any person or entity that in any way interferes with the execution and implementation of the terms of this Preliminary Injunction shall be subject to the contempt power of this Court.

      **5.**      At any time, any party shall have the right to move to amend or dissolve this Stipulation for Agreed Preliminary Injunction as necessary according to any development of facts or law.

STIPULATION FOR
AGREED PRELIMINARY INJUNCTION          Case No. C-11-05149-JW

1

Dated: November 15, 2011

PEPPER HAMILTON LLP

2

3

By: _Hap Weitzel /BA_

4

Harry P. "Hap" Weitzel

5

*Attorneys for Plaintiff ADT Security Services, Inc.*

6

7

8

Dated: _____, 2011

SECURITY ONE INTERNATIONAL, INC.

9

10

By: _____

11

12

*Defendant*

13

14

Dated: _____, 2011

FRANK GARDINER

15

16

By: _____

17

18

*Defendant*

19

Dated: _____, 2011

CLAUDIO HAND

20

21

By: _____

22

23

*Defendant*

24

25

26

27

28

4

STIPULATION FOR
AGREED PRELIMINARY INJUNCTION

Case No. C-11-05149-JW

Dated: _____, 2011          PEPPER HAMILTON LLP

By: _____
              Harry P. "Hap" Weitzel

*Attorneys for Plaintiff ADT Security Services, Inc.*

Dated: _11·14-11_, 2011          SECURITY ONE INTERNATIONAL, INC.

By: _____

*Defendant*

Dated: _____, 2011          FRANK GARDINER

By: _____

*Defendant*

Dated: _11/14-11_, 2011          CLAUDIO HAND

By: _____

*Defendant*

STIPULATION FOR
AGREED PRELIMINARY INJUNCTION          Case No. C-11-05149-JW

Dated: _____, 2011

PEPPER HAMILTON LLP


By: _____
    Harry P. "Hap" Weitzel

*Attorneys for Plaintiff ADT Security Services, Inc.*


Dated: _____, 2011

SECURITY ONE INTERNATIONAL, INC.


By: _____

*Defendant*


Dated: 11/14 _____, 2011

FRANK GARDINER


By: _____

*Defendant*


Dated: _____, 2011

CLAUDIO HAND


By: _____

*Defendant*

---

4

STIPULATION FOR
AGREED PRELIMINARY INJUNCTION

Case No. C-11-05149-JW

**PROOF OF SERVICE**
F.R.C.P.5/C.C.P. § 1013a(3)/Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Orange. I am over the age of 18 and not a party to this action. My business address is: Pepper Hamilton LLP, Suite 1200, 4 Park Plaza, Irvine, CA 92614-5955.

On **November 15, 2011**, I served the following listed document(s), by method indicated below, on the parties in this action:

**STIPULATION FOR AGREED PRELIMINARY INJUNCTION**

*SEE ATTACHED SERVICE LIST*

⊠ **BY U.S. MAIL**
By placing ☐ the original / ⊠ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Pepper Hamilton LLP, Suite 1200, 4 Park Plaza, Irvine, CA 92614-5955, following ordinary business practices. I am readily familiar with Pepper Hamilton LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☐ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents.
**Note:** Federal Court requirement: service by overnight delivery was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order.

☐ **BY FACSIMILE**
Before 5:00 p.m. on said date, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (949) 863-0151. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY E-MAIL**
By electronically transmitting the documents) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address goldmanj@pepperlaw.com at approximately _____. To my knowledge, the transmission was reported as complete and without error. Service by email was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as an additional method of service as a courtesy to the parties or ☐ pursuant to Court Order. *See* Cal. R. Ct. R. 2.260.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **November 15, 2011,** at Irvine, California.

Jennifer S. Allen
Type or Print Name

*Jennifer S Allen*
Signature

#15175822 v1

1

## <u>SERVICE LIST</u>

2

THOMAS NEMETH

3

21250 Hawthorne Boulevard, Suite 500

Torrance, California 90503

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28