**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADT SECURITY SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SECURITY ONE INT'L, INC. *et al.*, <br><br> Defendants. | Case No.: C-11-5149 YGR <br><br> **NOTICE OF TENTATIVE RULING ON MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING ON THE MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT, OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT SET FOR HEARING ON FEBRUARY 28, 2012 AT 2:00 P.M.

The Court has reviewed the parties' papers and is inclined to grant in part and deny in part the motion to dismiss, for more definite statement, or, in the alternative, to strike with leave to amend. This is a *tentative* ruling and the parties still have an opportunity to present oral argument. Alternatively, if the parties JOINTLY stipulate in writing to entry of the tentative ruling, the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court.

The Court **TENTATIVELY GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss, or For More Definite Statement, or, in the alternative, to Strike Portions of Plaintiff's Complaint, ECF No. 33, as follows:

1. Under Rule 9(b), the circumstances of the fraud must be pled with particularity. Plaintiff alleges that a fraudulent scheme was overseen by the individually-named Defendants, essentially, because they are officers and directors of Security One allegedly intimately involved in all aspects of its management, including its campaign of fraud and deceit. This does not identify any wrongdoing by any individually-named Defendant, and thus, fails to plead fraud with particularity as

to the individually-named Defendants.  Therefore, the motion to dismiss Counts II through IX against the individually-named Defendants is GRANTED WITH LEAVE TO AMEND.

2. As to Defendants' request for the Court to decline to exercise Supplemental Jurisdiction over the state law claims, Defendants have provided insufficient legal justification for the Court to decline to exercise its Supplemental Jurisdiction over the state law claims.  The authority cited does not advance their position. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130 (1966) (concluding that district court did not abuse its discretion by exercising supplemental jurisdiction over state law claims).  Therefore, this basis for dismissal is DENIED.

3. Under Federal Rule of Civil Procedure 12(e) a party may move for a more definite statement if a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  In seven of the Counts in the Complaint, ADT alleges violations of the law of three separate states, California, Illinois, and Nevada, which Defendants argue precludes presentation of an intelligible response.  Upon review, the Court is not persuaded that the statutory elements of the causes of action are antagonistic, or that the available remedies are so antagonistic that Defendants cannot reasonably prepare a response.  Therefore, the Motion for a More Definite Statement of the State Law Claims is DENIED.

4. As to Defendants' request for a more definite statement of how each individual Defendant is liable.  All claims against the individual Defendants are dismissed with leave to amend for failure to plead fraud with particularity.  Therefore, Defendants' request for a more definite statement of the allegations against the individually-named Defendants is DENIED AS MOOT.

5. As to the Motion to Strike portions of Plaintiff's Complaint that seek damages, it is granted in part as to Count III and denied as to all other portions of the Complaint.  With the exception of Count III, ADT has pled an entitlement to the damages and fees claims because the law of at least one of the States entitles ADT to the requested relief.  In Count II, however, ADT requests "damages" for violation of California's False Advertising Law, Bus. Prof. Code §§ 17500 *et seq.*, but the statute only allows an award of restitution, not "damages."  Therefore, the Court will grant the

motion to strike that portion of Plaintiff's Complaint appearing at page 21, line 15, which states "damages and."

Therefore, the Court *tentatively* Orders the following:

Defendants' Motion to Dismiss, or For More Definite Statement, or, in the alternative, to Strike Portions of Plaintiff's Complaint is granted in part and denied in part;

1) The motion to dismiss Counts II through IX against the individually-named Defendants is GRANTED WITH LEAVE TO AMEND;

2) The request for the Court to decline to exercise its supplemental jurisdiction over the state law claims is DENIED;

3) The Motion for More Definite Statement is DENIED;

4) The Motion to Strike is GRANTED IN PART AND DENIED IN PART;

5) Counts II, III, IV, V, VI, VII, VIII, and IX are dismissed without prejudice to amend as to the individually-named Defendants. That portion of Plaintiff's Complaint appearing at page 21, line 15, which states "damages and" is STRICKEN. Plaintiff shall have 28-days from the date of entry of this Order to file an amended complaint.

No later than **5:00 p.m.** on **Monday, February 27, 2012**, the parties may JOINTLY stipulate in writing to entry of this tentative ruling. If the parties so stipulate, then the hearing shall be taken off calendar, and the tentative ruling shall become the order of the Court. Otherwise, the hearing will take place as scheduled.

**IT IS SO ORDERED.**

February 24, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**