UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADT SECURITY SERVICES, INC.,**<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>**SECURITY ONE INT'L, INC., CLAUDIO HAND, SCELLUSALEADS AND PURE CLAR,**<br><br>　　　Defendants. | Case No.: 11-CV-05149 YGR<br><br>ORDER GRANTING MOTION OF PLAINTIFF TO SERVE DEFENDANTS SCELLUSALEADS AND PURE CLAR ELECTRONICALLY |

　　　Plaintiff ADT Security Services, Inc. ("ADT") has sued Security One International, Inc. ("Security One"), Claudio Hand, Scellusaleads and Pure Clar ("Clar") for unfair and deceptive business practices. ADT's eleven count Second Amended Complaint, filed on May 10, 2012, alleges Unfair Competition and False Advertising under the Lanham Act (Counts I through III); and California state law claims for business torts (Counts IV through XI). According to ADT, despite its best efforts, it has been unable to locate either Pure Clar or Scellusaleads for service of process.

　　　ADT has filed a Motion to Authorize Alternative Methods of Service of Process, specifically email, on the grounds that service by email will provide actual notice of this case and that service by email is not prohibited by international agreement.

　　　Having carefully considered the papers submitted and the record in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Authorize Alternative Methods of Service of Process.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for August 21, 2012.

## I. BACKGROUND

This is an action for unfair competition between providers of home alarm and security services. Dkt. No. 79, Second Amended Complaint ("SAC"), ¶¶ 10-16. ADT alleges that Security One has engaged in a campaign of fraud and deceit in order to steal its customers. *See generally, id*. ¶¶ 40-117. Scellusaleads is a telemarketing company based in the Philippines that allegedly generates sales leads for Security One. *Id*. ¶¶ 3, 121. Pure Clar is Scellusaleads' owner/operator. *Id*. ¶¶ 5, 122.

ADT alleges that on a weekly basis, Security One hires a varying number of Scellusaleads' agents to make sales calls to prospective customers in the United States, including customers currently with ADT. *Id*. ¶ 124. The Scellusaleads' agents making these calls allegedly misrepresent that Security One is affiliated with ADT. *Id*. ¶¶ 60, 130. Based on this representation, customers of ADT agree to sign with Security One, believing that they are still going to receive ADT services. *Id*. ¶¶ 129-131. Allegedly, the Scellusaleads' sales representatives then call ADT posing as the customer and cancel the customer's ADT accounts without the customer's knowledge or consent. *See id*. ¶¶ 47-61.

ADT has not been able to locate either Scellusaleads or Clar for service of process. ADT's Motion to Authorize Alternative Methods of Service of Process indicates that both Scellusaleads and Clar have actively concealed their physical location. For example, Scellusaleads does not operate out of the physical addresses listed on its website, the Philippine government has no record of Scellusaleads, the address to which Scellusaleads registered its website is a UPS store in Utah that has no record of Scellusaleads or Pure Clar opening a P.O. Box, and when Scellusaleads' offices are reached by phone, employees refuse to give out a mailing address. ADT seeks permission to use email to effect service on Scellusaleads and Clar pursuant to Federal Rule of Civil Procedure 4(f)(3).

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals. Fed. R. Civ. P. 4(h)(2). Rule 4(f)(3) permits service on individuals in a foreign country as follows: "Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United

1 States: . . . (3) by other means not prohibited by international agreement, as the court orders." Fed. R.
2 Civ. P. 4(f)(3). It is left "to the sound discretion of the district court the task of determining when the
3 particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)."
4 *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). The Ninth Circuit has
5 approved service on foreign defendants by email pursuant to Rule 4(f)(3) where the defendants were
6 either unreachable by other means or had no known physical address. *Id.* at 1017. To satisfy
7 constitutional norms of due process, the alternative method of service must be "reasonably calculated,
8 under all the circumstances, to apprise the interested parties of the action and afford them an
9 opportunity to present their objections." *Id.* at 1016. Thus, to establish that service by email is
10 appropriate, a plaintiff must show: (1) that service by email is "reasonably calculated to provide actual
11 notice" to the defendant; and (2) international agreement does not prohibit such service. *Id.* at 1014,
12 1016.

          *1.     Service by Email Is "Reasonably Calculated to Provide Actual Notice."*

14 Here, service by email is reasonably calculated to provide actual notice. ADT's
15 attempts to locate and contact Scellusaleads and Clar by postal mail and telephone have failed. ADT
16 has demonstrated, however, that emails sent to scellusainc@gmail.com, the contact email address that
17 is listed on Scellusaleads' website, have not been returned as undeliverable.

18 Based on the foregoing, under the circumstances, service by email appears to be not only
19 reasonably calculated to provide actual notice to Scellusaleads and Clar, but the method most likely
20 to apprise them of this action.

21           *2.     International Agreement Does Not Prohibit Email Service.*

22 ADT also has demonstrated that service via email is not prohibited by an international
23 agreement. The Defendants are located in the Philippines. The Philippines is not a signatory to the
24 Hague Convention on Service Abroad of Judicial and Extrajudicial Documents. 20 U.S.T. 361,
25 T.I.A.S. No. 6638 (1969). *See* Hague Conf. on Private Int'l Law, available at
26 *http://www.hcch.net/index_en.php?act=states.details&sid=121*, last visited Aug. 7, 2012. ADT cites
27 a case in this District finding that service by email is not prohibited by international agreement in the

Philippines. *Williams-Sonoma Inc. v. FriendFinder Inc.*, Case No. C-06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).

Based on the foregoing, the Court concludes that ADT has demonstrated that service on the Foreign Defendants via email is not prohibited by international agreement.

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** ADT's Motion to Authorize Alternative Methods of Service of Process.

Plaintiff ADT Security Services, Inc. may serve this Order, the Summons, and the Second Amended Complaint, as well as any other documents in this case, on Defendants Scellusaleads and Pure Clar by sending an email message, return receipt requested, to scellusainc@gmail.com.

Any return of service that ADT files must include proof that ADT has attempted, at a minimum, to verify actual receipt of the email message.

This Order Terminates Docket Number 101.

**IT IS SO ORDERED.**

Dated: August 14, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**