**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ADT SECURIITY SERVICES, INC.,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**SECURITY ONE INTERNATIONAL, INC.** *et al.*,<br><br>    Defendant(s). | Case No.: 11-CV-05149 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT SAFE HOMES TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiff ADT Security Services, Inc. ("ADT") alleges that Defendant Safe Home Security, Inc. ("Safe Home") has benefitted from the allegedly fraudulent and deceitful acts perpetrated by the other defendants in this action: Defendants Security One International, Inc. ("Security One"); its sole officer, director, and shareholder, Claudio Hand; Scellusaleads; and Pure Clar, the owner and operator of Sceullusaleads. Counts I through XI of ADT's Third Amended Complaint ("TAC") allege unfair competition against the other four defendants. ADT does not allege that Safe Home engaged in any wrongful conduct or that Safe Home was aware of the allegedly wrongful conduct of the other defendants, but based upon the alleged wrongful conduct of those other defendants, ADT seeks restitution from Safe Home, entry of a permanent injunction against Safe Home, and also requests that a constructive trust be imposed on Safe Home based on a theory of unjust enrichment (Count XII).

Safe Home has filed a motion to dismiss the claim against it for failure to state a claim upon which relief can be granted, and a motion to strike.

Having carefully considered the papers submitted and the pleadings in this action, for the reasons set forth below, the Court hereby **GRANTS** the Motion to Dismiss and **DISMISSES**

**WITHOUT PREJUDICE** Count XII of the Third Amended Complaint, but **WITHOUT LEAVE TO AMEND**.[1]

**A.    LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal for failure to state a claim can be based on the lack of a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Although "detailed factual allegations" are not required, a plaintiff's obligation to provide the grounds for its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555 (citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *See Iqbal*, *supra*, 556 U.S. at 679. ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations") (citing Fed. R. Civ. P. 8(a)(2)).

**B.    ANALYSIS**

Unjust enrichment is a theory of recovery in quasi-contract, in which a plaintiff contends the defendant received a benefit to which it was not entitled. *Paracor Fin. v. General Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).[2] "'[U]njust enrichment' is a term of art. The

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for February 19, 2013.

[2] "It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. As expressed by some authorities, the obligation to do justice rests upon all persons, natural

substantive part of the law of restitution is concerned with identifying those forms of enrichment that the law treats as 'unjust' for purposes of imposing liability." Restatement (Third) of Restitution & Unjust Enrichment § 1 (2011). A claim for unjust enrichment requires a plaintiff to plead two elements: "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000). Fundamental to a claim for unjust enrichment is the basic notion that a "person is not permitted to profit by his *own* wrong." Restatement (Third) of Restitution & Unjust Enrichment § 3 (emphasis supplied).

ADT argues that the law recognizes a cause of action for unjust enrichment and that it has alleged the elements for that cause of action. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" does not suffice to state a claim. *Iqbal*, *supra*, 556 U.S. at 678. ADT alleges that Safe Home has received a benefit from the allegedly fraudulent conduct of Security One and Scellusaleads—after Security One converts ADT customer accounts, it sells these customer accounts to Safe Home, who provides the security monitoring services to the former ADT customers in exchange for a monthly monitoring fee.[3] And ADT characterizes Safe Home's retention of the revenue it receives from customers converted by Security One and Scellusaleads as unjust—this is a legal conclusion.

Even where a defendant receives a benefit from another, the defendant is liable only if the circumstances are such that, as between the two parties, it is unjust for the defendant to retain the

---

and artificial; if one obtains the money or property of others without authority, the law, independently of express contract, will compel restitution or compensation."
*Lucky Auto Supply v. Turner*, 244 Cal. App. 2d 872, 885 (Cal. Ct. App. 1966) (quoting 46 Am. Jur. Restitution and Unjust Enrichment, p. 99).

[3] ADT's allegations regarding unjust enrichment are as follows:
> 253. SCELLUSA and/or SECURITY ONE are switching ADT Customer accounts to SECURITY ONE through fraud.
> 254. SECURITY ONE, in turn, sells these former ADT Customer accounts to SAFE HOME.
> 255. SAFE HOME provides security system monitoring services to the former ADT Customers in exchange for a monthly monitoring fee paid to SAFE HOME.
> \*   \*   \*
> 257. SAFE HOME receives a benefit from the fraudulent activity of SCELLUSA and/or SECURITY ONE in the form of revenue derived from former ADT Customer accounts.
> \*   \*   \*
> 263. SAFE HOME's retention of revenue from ADT Customers converted by SCELLUSA and/or SECURITY ONE through fraud would be unjust.

3

benefit. *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (Cal. Ct. App. 1992) ("The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it."). While ADT has alleged the legal conclusion that Safe Home's retention of revenue would be unjust, ADT has failed to allege facts to show that Safe Home's *own* conduct would itself render the retention of the benefit unjust. In its opposition, ADT argues that it is Safe Home's burden to establish, as an affirmative defense, that its retention of the benefit would not be unjust. Although some of the same equitable considerations justifying restitution may constitute a defense to a claim of restitution, the lack of allegations of wrongdoing by Safe Home, or its knowledge of wrongdoing by others, is an important consideration in determining the validity of ADT's claim for unjust enrichment. *See id.*

ADT has failed to allege evidentiary facts (*e.g.*, Safe Home was aware that Security One was engaging in the allegedly fraudulent conduct when it retained this alleged benefit),[4] which if true, would establish that Safe Home's retention of the benefit is unjust. Therefore, ADT has not satisfied its burden to allege facts showing "'that the pleader is entitled to relief.'" *Iqbal*, *supra*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original). Accordingly, ADT has failed to state a claim upon which relief can be granted.

Based on the foregoing analysis, the Court **GRANTS** the Motion to Dismiss.

C.   *NO* LEAVE TO AMEND

Although ADT was on notice of the deficiencies in its TAC that were identified by Safe Home, ADT chose to file an opposition to the motion to dismiss rather than seek leave to amend the TAC. The Court notes that the deadline to amend the pleadings was December 31, 2012 and non-

---

[4] In its opposition, ADT argues that:
> ADT believes discovery will establish that Safe Home has been "on notice" of the fraudulent conduct by Security One and Scellusaleads at least since the commencement of this action on October 20, 2011. Safe Home has indisputably been on notice of ADT's allegations of fraud and violations of the Lanham Act against Security One and Scellusaleads since April 12, 2012, when ADT served Safe Home with a subpoena requesting documents related to this litigation and the conduct of its Co-Defendant.

An inadequately pled claim cannot proceed based upon the bare assertion, in an opposition brief, that discovery will uncover evidence of wrongdoing that would allow ADT to allege facts sufficient to state a claim. Instead, ADT must allege, in its complaint (this being its *third amended* complaint), evidentiary facts to state a cause of action for unjust enrichment.

4

expert discovery must be completed by March 28, 2013.  As ADT has not requested leave to amend the pleadings, the time to amend the pleadings has passed, non-expert discovery must be completed within six weeks, and ADT has not moved for an extension of the deadline to amend the pleadings, the Court will not act on its own to grant leave to amend the complaint.  Therefore, Count XII of the Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

D. **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss is **GRANTED**.

Count XII of the Third Amended Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. This dismissal is **WITHOUT PREJUDICE**.

This Order Terminates Docket Number 115.

**IT IS SO ORDERED**.

**Date: February 14, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**