**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ADT SECURITY SERVICES, INC.,** | **Case No.: 11-CV-05149 YGR** |
| Plaintiff, | **ORDER GRANTING MOTION TO SEAL** |
| vs. | |
| **SECURITY ONE INTERNATIONAL, INC.** *et al.*, | |
| Defendants. | |

Plaintiff ADT Security Services, Inc., has filed an Administrative Motion to File Under Seal Exhibits H, K and L of the Declaration of David Millstein in Support of Plaintiff's Motion for Contempt. (Dkt. No. 211.) Defendant Security One International, Inc. ("Security One") filed a response in support of the motion. (Dkt. No. 214.)

Two very different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010). For most judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id. citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Id.* at 1180; *Kamakana, supra,* 447 F.3d at 1179-80. The Rule 26(c) "good cause" standard applies to documents submitting in connection with non-dispositive motions, such as discovery motions, and the court may seal the documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos, supra,* 565 F.3d at 1116.

The Court finds this standard is met in connection to sealing the exhibits, solely for purposes of briefing Plaintiff's Motion for Contempt. Here, the parties represent that the

documents sought to be sealed contain proprietary information and trade secrets of non-party UTC Fire & Security Americas Corporation, Inc., f/k/a GE Security Inc. (hereinafter "UTC"). Counsel for UTC has advised Counsel for Security One that UTC considers these documents "confidential" and that UTC does not want these documents in the public record.  Filing the document in the public record would disclose proprietary information, including pricing information of a non-party.  Sealing the documents in connection with briefing would not interfere with the public's right of access.

However, this Order does not permit any party to file any of the Exhibits under seal in connection with a future proceeding.  To the extent any Exhibit is offered at any hearing on the Motion for Contempt, in connection with a future motion, or at trial, any party seeking to seal the document will be required to make a new motion.

Therefore, the Motion is **GRANTED**.  ADT has permission to file under seal Exhibits H, K and L of the Declaration of David Millstein in Support of Plaintiff's Motion for Contempt.

This terminates Dkt. No. 211.

**IT IS SO ORDERED.**

Dated:  June 25, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

2