# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ADT SECURITY SERVICES, INC., <br><br>　　　　　　Plaintiff, <br>　　vs. <br><br>SECURITY ONE INTERNATIONAL, INC., *et al.*, <br><br>　　　　　　Defendants. | CIVIL ACTION No. C 11-05149 YGR <br><br>**PRE-TRIAL ORDER NO. 3 RE PLAINTIFF ADT'S NON-EXPERT RELATED MOTIONS IN *LIMINE*** |

On September 3, 2013, the Court held a Pretrial Conference during which it addressed the motions in limine that Plaintiff ADT Security Services, Inc. ("ADT") submitted pursuant to this Court's Pretrial Instructions in Civil Cases and the oppositions thereto filed by Defendants Security One International, Inc. and Claudio Hand ("Defendants"). Having considered the filings, oral argument, and the parties' post-argument submissions, the Court **HEREBY ORDERS** as follows:

**ADT'S MOTION IN LIMINE NO. 1 IS GRANTED WITH MODIFICATION:**

Said motion is granted only as it relates to the trial before a jury. Defendants are barred from introducing or referring to at trial any evidence or argument relating to ADT's conduct with respect to its customers or competitors. Unclean hands applies only upon a showing of "clear and convincing evidence," *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 833-34 (9th Cir. 2011), of a party's misconduct toward its adversary related to the claim asserted – "not to conduct of a litigant towards a nonparty." *Mesnick v. Caton*, 183 Cal. App. 3d 1248, 1263

(Cal. App. 2d Dist. 1986) (collecting cases). The Court reserves on whether it will allow such evidence in the context of a ruling on the contempt motion.

**ADT'S MOTION IN LIMINE NO. 2 IS DENIED:**

ADT's attempt to bar defendants from introducing evidence regarding its supervision and control of its telemarketer sales agents through January 3, 2013 is unfounded. The Court previously denied Plaintiff's first motion for contempt. Dkt. No. 185. The Court did not make prior findings which would usurp a jury's own authority to make findings regarding Plaintiff's negligence claims based upon a full and complete trial record.

**ADT'S MOTION IN LIMINE NO. 5 IS GRANTED:**

Defendants are barred from referring at trial to any evidence or argument relating to any other lawsuits that ADT has initiated. The probative value of such evidence is outweighed by risks of unfair prejudice, confusion of issue, waste of time, or its prejudicial effect. *See* Fed. R. Evid. 403; *Henderson v. Peterson*, No. 07-2838, 2011 838169, at *5 (N.D. Cal. July 15, 2011); *Seals v. Mitchell*, No. 04-3764, 2011 WL 1399245, at *5 (N.D. Cal. Apr. 13, 2011); *Alexander v. Wal-Mart Stores, Inc.*, No. 11-752, 2013 WL 427132, at *1-2 (D. Nev. Feb. 1, 2013); *Feezor v. Golden Bear Rest. Grp.*, No. 09-3324, 2012 WL 2873353, at *1-2 (E.D. Cal. July 12, 2012).

This Order terminates Docket Nos. 245, 246, and 249.

**IT IS SO ORDERED**.

Dated: September 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**