# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| ADT SECURITY SERVICES, INC., | CIVIL ACTION NO. C11-05149 YGR |
| Plaintiff, | |
| vs. | **PRE-TRIAL ORDER NO. 4 RE DEFENDANTS' NON-EXPERT RELATED MOTIONS IN *LIMINE*** |
| SECURITY ONE INTERNATIONAL, INC., et al., | |
| Defendants. | |

On September 3, 2013, the Court held a Pretrial Conference during which it addressed Plaintiff ADT Security Services, Inc. ("ADT") submitted motions in limine pursuant to this Court's Pretrial Instructions in Civil Cases and the oppositions thereto filed by Defendants Security One International, Inc. and Claudio Hand ("Defendants"). Having considered the filings, oral argument, and the post-pretrial submissions, the Court **HEREBY ORDERS** as follows:

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 IS GRANTED:**

ADT is barred from referring at trial to the preliminary injunction, the January 3, 2013 order (Dkt. No. 185), or the contempt proceedings in this matter while in the presence of the jury. Any probative value that evidence of those orders and proceedings may hold is substantially outweighed by the danger of unfair prejudice and risk of juror confusion. *See* Fed. R. Evid. 401, 403. In lieu of specific reference to those proceedings or order, ADT may refer, and shall instruct its witnesses and expert witnesses to refer, to "prior proceedings" or "prior orders" without

indicating that those proceedings or orders related to motions for contempt or to a preliminary injunction. The Court reserves as to whether additional evidence presented outside the presence of the jury will be allowed and/or necessary for purposes of deciding the pending motion for contempt.

### DEFENDANTS' MOTION *IN LIMINE* NO. 3 IS DENIED AS PREMATURE:

Defendant seeks to exclude "[a]ny testimony, evidence on, or reference to evidence (whether in ADT's case in chief or for impeachment purposes) that was not produced by Plaintiff at least three days prior to commencement of trial" but has not identified any particular evidence. Further, impeachment evidence is not necessarily barred because it has not been produced. *See* Fed. R. Civ. P. 37, Comment on Subdivision (c), 1993 Amendments ("As disclosure of evidence offered solely for impeachment purposes is not required under [Fed. R. Civ. P. 26(a) and 26(e)], [Rule 37's] preclusion sanction . . . does not apply to that evidence.").

### DEFENDANTS' MOTION *IN LIMINE* NO. 5 IS DENIED:

With respect to disgorgement of profits, Plaintiff has stipulated that it will not seek disgorgement of Security One's profits as damages. Dkt. No. 270 at 1. Accordingly, Defendants' motion to bar Plaintiff from seeking disgorgement is denied as moot. With respect to the motion to bar Plaintiff from introducing evidence of alleged damage to ADT's goodwill for failure to provide a precise damages assessment, the Ninth Circuit does not require such precision. "[T]he nature of proof required to support a jury award" for loss of goodwill "depends on the circumstances of the case and is 'subject to principles of equity.'" *Arizona Skydive, Inc. v. Quattrocchi*, 673 F.3d 1106, 1112 (9th Cir. 2012), *quoting DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1223 (9th Cir. 2010). "In measuring harm to goodwill" under the Lanham Act, "a jury may consider a plaintiff's expenditures in building its reputation in order to estimate the harm to its reputation after a defendant's bad acts." *Quattrocchi*, 673 F.3d at 1112. "Upon proving causation, the plaintiff's evidentiary burden relaxes considerably. To support a jury's actual damages award, there need only be substantial evidence to permit the jury to draw *reasonable inferences* and make a *fair and reasonable assessment*." *Id*. (emphasis in original), *citing La Quinta Corp. v.*

*Heartland Props. LLC*, 603 F.3d 327, 342 (6th Cir. 2010).  Neither a "specific mathematical formula," "empirical quantification," nor "expert testimony" is required.  *Id.* at 1112, 1113.

**DEFENDANTS' MOTION *IN LIMINE* NO. 6 IS DENIED IN PART:**

To the extent Defendants' motion seeks to bar Plaintiff from seeking punitive damages, the motion is denied as moot because Plaintiff does not seek such damages.  *See* Dkt. No. 201 (Fourth Amended Complaint), Prayer for Relief.  To the extent Defendants' motion seeks to bar Plaintiff from seeking "enhanced" damages under 15 U.S.C. § 1117(a), the motion is denied.  Plaintiff seeks compensatory damages in its Fourth Amended Complaint.  Section 1117(a) allows for an award of compensatory damages in excess of plaintiff's proven "actual" damages, up to three times the proven amount, in order to ensure that a plaintiff is being made whole.  *Quattrocchi*, 673 F.3d at 1114 (interpreting section 1117(a)).  The question of whether Plaintiff's evidence will be sufficient to show an entitlement to compensatory damages and, if so, in what amount, lays within the jury's proper province, subject to the Court's discretion and equitable principles.  *Id.* at 1111-12; *see also Rolex Watch, U.S.A. v. Michel Co.*, 179 F.3d 704, 712 (9th Cir. 1999) (affirming district court's discretionary refusal to award damages).  With respect to the portion of the motion regarding attorneys' fees, the motion is denied as premature.

**DEFENDANTS' MOTION *IN LIMINE* NO. 7 IS DENIED:**

The Court declines to take judicial notice of, and thereby instruct the jury on, California Civil Code sections 1550 and 1619-1621.  The Court must instruct the jury on the law that applies to the case before it.  Here the sections cited do not concern the elements of any of the claims before the jury but instead focus on a collateral issue regarding the "legal" nature of Defendants' ambiguous relationship with a third party.  Defendants' request is merely a backdoor attempt to bolster their case and have the Court declare their relationship with this third party as "legal," thereby supplanting the jury's province of deciding whether Defendants misrepresented to consumers the nature of the relationship with that third party.

**DEFENDANTS' MOTION *IN LIMINE* NO. 8 IS DENIED:**

Defendants have not established that the Net Present Value ("NPV") document existed at the time they propounded the discovery requests to which the NPV was allegedly responsive.

Further, Defendants have not shown prejudice from any delay in producing the NPV document, as it is referenced in their expert Dr. Stec's report and they questioned Plaintiff's expert Irwin about her use of the NPV during her deposition.

**DEFENDANTS' MOTION *IN LIMINE* NO. 9 IS DENIED AS MOOT:**

Defendants' motion principally deals with the consumers listed on the Form Letter Report. The Court excluded that document in its Pretrial Order No. 2. Dkt. No. 295. To the extent the motion seeks to bar other evidence, it is denied as premature. The motion is too ambiguous for the Court to provide a reasoned judgment. ADT alleges continuing damages. Other than the Form Letter Report, the motion does not identify any specific information to be excluded.

This Order Terminates Docket Nos. 236, 237, 238, 239, 240, 241, and 242.

**IT IS SO ORDERED**.

Dated: September 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**