**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ADT SECURITY SERVICES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SECURITY ONE INTERNATIONAL, INC.,** *et al.***,**<br><br>    **Defendants.** | **Case No.: 11-CV-5149 YGR**<br><br>**PRETRIAL ORDER NO. 8 RE: DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBITS 15 THROUGH 18** |

Defendants object to Plaintiff ADT's introduction of Exhibits 15, 16, 17, and 18. The Court has reviewed the four exhibits *in camera*. They are recordings of a person, apparently male, calling ADT customer service, giving an apparently false name, and attempting to cancel an ADT customer's account. ADT asserts that the calls are linked to a phone number which Defendants admitted during discovery to be associated with Security One. Dkt. No. 343. ADT represents that the recordings in Exhibits 15 through 17 were made on October 1, 2010, and the recording in Exhibit 18 was made on October 14, 2010.

In Exhibit 15 (bates-stamped ADT0000390), the caller appears to give a false name, "Bell," and apparently the telephone number and address of Bell. ADT queries him as to his identity, apparently because he has provided the number and address for a different ADT customer, Carlson. The caller can be heard to mutter before abruptly hanging up. In Exhibit 16 (ADT0000385), the caller gives Bell's name and other details, and, when asked why he is cancelling, offers a detailed

account of financial hardship. The call ends after the caller fails to produce Bell's account password after three unsuccessful tries and then expresses an intent to fax ADT a cancellation letter instead. In Exhibit 17 (ADT0000399), the male caller impersonates a female voice with a "Southern" accent. He provides correct authentication information, including password, for a customer named "Bradley." The ADT representative then appears to call the real Bradley—a woman who speaks with a Southern accent—and apparently confirms her intent to cancel the account. The ADT representative then returns to the male caller and challenges him as to his true identity, whereupon the male caller abruptly hangs up. In Exhibit 18 (ADT0000401), the caller gives the authentication details and name of a female caller named Perez. He impersonates a female voice and, when asked why he is canceling, gives a detailed account of financial hardship. He appears to succeed in cancelling the account.

Plaintiff offers the recordings for four purposes: (1) to demonstrate customer confusion, in support of their Lanham Act claim; (2) to demonstrate why Plaintiff is unable to offer more substantial evidence of damages during the early portion of its claimed damages period, i.e., in 2009 and 2010, before Plaintiff discovered the conduct at issue after receiving an influx of form cancellation letters; (3) to demonstrate similarity between the recorded conduct and conduct alleged in ADT's operative, Fourth Amended Complaint, which allegedly occurred later in ADT's damages period; and (4) to demonstrate Defendants' lack of control over their telephone sales agents, in support of the negligence count in the Fourth Amended Complaint, which sounds in negligent supervision and hiring. The Court notes that these purposes have changed over the course of the pretrial proceedings.

Defendants objected in their written submissions (Dkt. Nos. 314, 340) on relevance, character and hearsay grounds. During two proceedings on September 13, 2013, Defendants orally raised the issue of prejudice and thereby a Rule 403 objection. The Court addresses each of Defendants' four objections in turn.

First, as to relevance, the recordings are relevant to the issue of whether Plaintiff has sufficient evidence of damages in 2009 and 2010 to support an award of compensatory damages under the Lanham Act's flexible approach to proving damage. The recordings are also relevant to

Plaintiff's negligence count, which focuses on Defendant's hiring and control of its telemarketers. They are not, however, probative of confusion. Second, as to character, the Court is not persuaded that the recordings *are* character evidence. Defendants have not articulated upon whose character the recordings reflect or how the recordings are being offered to show action in accordance with character "on a particular occasion." *See* Fed. R. Evid. 404(b)(1).[1] Third, as to hearsay, although the recordings capture out-of-court statements, those statements are not offered for the truth of the matters asserted therein.

Defendants' fourth objection raises a more pressing issue, that of prejudice and the possibility of using the evidence for an improper purpose. Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Here, the recordings clearly have the potential to be prejudicial to Defendants. However, evidence that casts a party in a bad light is not necessarily *unfairly* prejudicial, and it is not necessarily appropriate to exclude such evidence if it is sufficiently probative of the facts for which it is offered. The question turns on the recordings' probative value in light of the purposes for which ADT offers them. The Court concludes that the recordings are sufficiently probative of the length of time of Plaintiff's damages period, the similarity of conduct, and Defendants' supervision of its sales agent to outweigh the risk of unfair prejudice as to those purposes. The evidence is not, however, sufficiently probative of customer confusion to outweigh the risk of unfair prejudice with respect to that issue, since nothing in the recordings indicates a customer being confused. The one customer whose voice is heard on the recording, Bradley, appears to consent to the cancellation of her account.

The Court notes that, although Defendants have admitted in their answers to ADT's operative complaint that some misrepresentations of the type captured in Exhibits 15 through 18 occurred, *see* Dkt. Nos. 205 ¶ 14, 206 ¶ 14, the parties' list of stipulated facts for trial purposes does not include such an admission, *see* Dkt. No. 277. Such a stipulation might make the recordings' probative value weigh far less than the risk of unfair prejudice they entail, as well as make the

---

[1] Even if the recordings do constitute character evidence, "'[p]rior bad acts' evidence may be admissible to establish a party's 'modus operandi.'" Rutter Group Prac. Guide Fed. Civ. Trials & Ev. § 8:1195.

recordings needlessly cumulative.  The recordings would thus be more readily excludable on Rule 403 grounds.  However, in the absence of such a stipulation, the recordings are admissible, assuming a proper foundation.

The Court concludes that it will not exclude the recordings on the grounds offered by Defendants.  Assuming ADT lays a proper foundation for the recordings, they may be admitted, though not to show customer confusion.

**IT IS SO ORDERED**.

Dated: September 14, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**