**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ADT SECURITY SERVICES,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SECURITY ONE INTERNATIONAL, INC.,** *et al.*,<br><br>　　　　Defendants. | Case No.: 11-CV-5149 YGR<br><br>*AMENDED* PRETRIAL ORDER NO. 5 RE: DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF STEWART AND IRWIN; DEFENDANTS' MOTION *IN LIMINE* NO. 11; PLAINTIFFS' MOTIONS IN LIMINE NOS. 3, 4, AND 6 |

Now before the Court are: a *Daubert* motion seeking to exclude the expert testimony of Plaintiff's designated experts Dr. David Stewart and Ms. Carlyn Irwin; three motions *in limine* that seek exclusion of various aspects of proffered expert opinions; and a late-filed motion *in limine* seeking three kinds of relief. Dkt. Nos. 227 ("*Daubert* motion"), 243 ("Defs.' MIL #11"), 247 ("Pl. MIL 2"), 248 ("Pl. MIL 3"), 321 ("Pl. MIL 6"). At a pretrial conference on September 3, 2013, the Court ordered the parties to supply summaries of the opinions their respective experts would proffer at trial. The parties have complied. *See* Dkt. Nos. 303 ("Sponsler Opinion"), 305 ("Harris Opinion"), 306 ("Stewart Opinion"), 307 ("Irwin Opinion"), 313 ("Harris Rebut. Opinion"), 319 ("Stec Rebut. Opinion"), 330 ("Sponsler Rebut. Opinion").

Having considered the motions, oral argument, the experts' full reports, and the summary of opinions to be proffered at trial, the Court hereby **ORDERS** as follows:

**I.   General Limitation on Expert Testimony**

Counsel shall admonish their respective expert witnesses that, at trial, the expert's opinions shall be confined to those expressed in the written summary submitted to the Court. This order

does not preclude counsel from exploring the basis of the proffered opinion, consistent with this Court's Pretrial Orders.

## II. Defendants' *Daubert* Motion Is GRANTED IN PART AND DENIED IN PART:

With respect to Dr. Stewart, Defendants' motion is granted insofar as it seeks to exclude evidence relating to the four survey questions related to caller ID misrepresentations. Any probative value of that evidence is substantially outweighed by the risk of confusion to the jury. Fed. R. Evid. 403. ADT argues that the questions stand as a proxy for other types of misrepresentation. Given, however, that allegations of *actual* caller ID misrepresentation are peripheral at best to Plaintiff's case-in-chief, this "proxy" approach runs a substantial risk of confusing the issues.[1] Accordingly, Dr. Stewart is barred from offering Opinion B from the written Stewart Opinion *to the extent it references the caller ID aspect of his report,*[2] and from otherwise opining on the Caller ID aspect of his report. Defendants' motion is denied as to Dr. Stewart's remaining opinions. Defendants' objections as to those portions of Dr. Stewart's opinions relate to weight, not admissibility. Dr. Stewart may opine at trial consistent with the written Stewart Opinion and this Order.

With respect to the opinion of Ms. Irwin, Defendants' motion is granted in part and denied in part, as follows. To the extent that Defendants' motion objects to Ms. Irwin's earlier assumption that 50 percent of former ADT customers who did not recall hearing misrepresentations from Security One representatives did in fact hear them, the motion is granted. However, the written Irwin Opinion omits that assumption from her analysis. Defendants have had an opportunity to vet Ms. Irwin's revised opinion, as evidenced in the rebuttal opinion of their expert, Dr. Jeffrey Stec. No prejudice flows from permitting Ms. Irwin to opine consistent with the Irwin Opinion. As to Defendants' argument that Ms. Irwin's opinion invites jury "speculation," it is not well-taken; Ms. Irwin's opinion gives the jury a basis from which to make a reasonable estimate of damages, if any.

---

[1] This Order does not bar ADT from presenting evidence of actual caller ID misrepresentation, for example, as alleged in the Fourth Amended Complaint at paragraph 19.

[2] The Court amended the emphasized text, which previously could be read to exclude the entirety of Opinion B.

2

Defendants' remaining objections relate to weight rather than admissibility. Ms. Irwin may opine at trial consistent with the written Irwin Opinion.

**III.     Defendants' Motion *in Limine* Number 11 Is GRANTED IN PART AND DENIED IN PART:**

Defendants seek to bar ADT's designated telemarketing expert witness, Kenneth Sponsler, from referring to any Do Not Call ("DNC") laws, wiretap laws, or federal regulations governing the telemarketing industry. The motion is granted as to the DNC and wiretap laws. Reference to those laws is unlikely to help the trier of fact decide the material issues in dispute in this case, which do not center on compliance with DNC or state wiretap laws. Accordingly, discussion of such laws is substantially likely to result in jury confusion. Mr. Sponsler therefore may not open the door to discussion of DNC or wiretap laws. As to the federal telemarketing regulations, Defendants' motion is denied. Mr. Sponsler may opine as to telemarketing industry standards, and insofar as those federal regulations comprise an industry standard, they are relevant to the issues in this case. Mr. Sponsler may refer to federal telemarketing regulations in his opinion at trial, consistent with the written Sponsler Opinion and Sponsler Rebuttal Opinion.

To the extent, however, that Defendants seek to bar Mr. Sponsler's testimony from being offered to show a propensity by Defendants to commit bad acts, the motion is granted. Fed. R. Evid. 404(b). Mr. Sponsler may not present his opinion as to whether Defendants violated particular laws. Further, Mr. Sponsler's opinion at trial shall conform to the Court's ruling on Defendants' Motion in Limine No. 2 (Dkt. No. 312 at 1-2), barring specific reference to contempt proceedings or the preliminary injunction entered in this case.

**IV.     Plaintiff's Motion *in Limine* Number 3 Is DENIED:**

Plaintiff seeks to bar Dr. Jeffrey Stec, Defendants' designated statistical expert, from rebutting Dr. Stewart on the ground Dr. Stec allegedly misapprehends the relevant legal standard and from rebutting Ms. Irwin because she is a forensic accountant and he is a statistician. Neither argument is persuasive. Plaintiff's argument as to the relevant legal standard relates to the weight of Dr. Stec's opinion. Plaintiff's argument as to Dr. Stec's credentials is inapt because Ms. Irwin's analysis of possible damages is but one method of calculating damages, one that Plaintiff selected;

1 Dr. Stec's opinion may assist the jury in identifying the limitations of Plaintiff's chosen approach to
2 proving damages. Dr. Stec may opine consistent with the written Stec Opinion.

3 **V.     Plaintiff's Motion *in Limine* Number 4 Is DENIED:**

4 Plaintiff seeks to exclude both the affirmative and rebuttal opinions of Mr. Robert Harris,
5 Defendants' designated telemarketing industry expert and rebuttal expert with respect to Mr.
6 Sponsler. The motion is denied. Plaintiff's objections, when distilled, reveal nothing more than
7 disagreement with Mr. Harris's opinions. As such, they relate to weight, not admissibility. Mr.
8 Harris may opine consistent with the written Harris Opinion and Harris Rebuttal Opinion.

9 **IV.    Plaintiff's Motion *in Limine* Number 6 Is GRANTED IN PART WITH MODIFICATION AND**
10 **DENIED IN PART:**

11 Plaintiff's sixth motion *in limine* raises three issues. Plaintiff seeks to: (i) bar Defendants
12 from presenting evidence of their pricing scheme on the ground it is not relevant to liability; (ii)
13 exclude portions of a chart Defendants intend to proffer, which purports to summarize recordings of
14 telephone calls pursuant to Federal Rule of Evidence 1006, on the ground that those portions of the
15 chart contain inadmissible hearsay; and (iii) have the Court bar any jury instruction on the
16 competition privilege.

17 With respect to the first issue, the motion is denied. Defendants' evidence of pricing relates
18 directly to damages causation, a central issue in this case.

19 With respect to the second issue, the motion is granted with modification. The Court orders
20 as follows with respect to *both* parties' FRE 1006 summary charts, Plaintiff's Exhibit 80 and
21 Defendants' Exhibit 129. Generally speaking, the content of the charts is admissible, insofar as the
22 recordings they summarize are admissible. *See* Pretrial Order No. 2 (Dkt. No. 295). The principal
23 problem with the charts is not the substance of the material therein summarized but their
24 argumentative wording. Assuming proper foundation, both charts are admissible with the
25 following modifications:

26
27
28

- The heading of the third column of both charts shall be changed to "Company Mentioned."[3] The wording of the columns below shall be changed such that each entry merely indicates "ADT," "GE," "Honeywell," "Manufacturer," or a combination thereof, consistent with the designations in the current versions of the charts. For example, in the first row of the third column of both charts, the entry would change from "ADT Affiliation" to "ADT."
- The heading of the fifth column of Defendants' chart shall be changed from "Was customer made aware that Security One and ADT are not affiliated?" to "Was customer told that Security One and the Company Mentioned are not affiliated?"

The Court will entertain specific objections to the content of specific summaries in Defendants' sixth column at the pretrial conference scheduled for 9:00 a.m. on September 13, 2013.

With respect to the third issue raised in Plaintiff's sixth motion *in limine* (whether the jury should be instructed on the competition privilege), the Court reserves.

This Order terminates Docket Nos. 227, 243, 247, 248, and 321.

**IT IS SO ORDERED**.

Dated: September 12, 2013

As Amended: September 15, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Column 3 of Plaintiff's chart currently bears the heading "Type of Representation." The corresponding column in Defendants' chart currently bears the heading "ADT Alleged Type of Representation."

5