United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADT SECURITY SERVICES,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**SECURITY ONE INTERNATIONAL, INC.,** *et al.*,<br><br>    **Defendants.** | **Case No.: 11-CV-5149 YGR**<br><br>**TRIAL ORDER NO. 1 RE: PLAINTIFF'S MOTION TO PRECLUDE CERTAIN QUESTIONS** |

This case centers on allegations that Defendants Security One International, Inc. and Claudio Hand employed telemarketers who called customers of Plaintiff ADT Security Services and made certain misrepresentations to them. At trial on September 16, 2013, one of Plaintiff's witnesses, John Scharfeld, testified to having received such a call. On cross-examination, defense counsel asked Scharfeld a question that assumed the existence of a different company named Security One, thereby suggesting that the other company might have been responsible for the call he received.

Plaintiff orally moves to preclude Defendants from (1) questioning witnesses as to their awareness of the existence of other security companies named "Security One," and (2) suggesting the existence of such companies through question or otherwise, including by argument. Plaintiff further moves the Court to admonish the jury that questions assuming the existence of a fact do not establish that fact. The Court held argument on the oral motion outside the presence of the jury following the September 16, 2013 trial proceedings.

Plaintiff's motion is **GRANTED**. The Court's Standing Order on Pretrial Instructions in Civil Cases requires parties to include in their Pretrial Conference Statement "[a] brief description of the substance of . . . defenses which remain to be decided . . . ." One purpose of this Order is to effectuate the policies underlying Federal Rule of Civil Procedure 26, which requires disclosure of "information customarily needed in final preparation for trial." Fed. R. Civ. P. 26, Commentary to 1993 Amendments. The Court's Standing Order imposes an additional requirement that parties disclose the legal claims and defenses they intend to present at trial, so that trial is orderly, speedy, and devoid of unwarranted surprise and gamesmanship.

Here, the Joint Pretrial Conference Statement does not include a description of the defense Defendants intend to pursue at present, i.e., that there are other companies named Security One who may be responsible for calls received by ADT's witnesses. *See* Dkt. No. 251 at 1. Neither does the Joint Pretrial Conference Statement identify a factual question as to whether Defendant Security One, as opposed to some other company named Security One, made the calls. *See id.* at 12-15.[1] Further, Defendants have not proffered competent evidence that such companies exist[2], so any question or argument premised on the existence of those companies lacks evidentiary foundation.

---

[1] The list of disputed factual issues includes multiple disputes about what Defendants' telemarketers did or did not do, e.g., "Whether defendants' telemarketing sales agents followed the sales script when they called consumers on defendants' behalf," but none as to whether the calls were placed by telemarketers *other than* Defendants'.

[2] Even if Defendants did provide competent evidence of the bare fact of such companies' existence, the Court would be inclined to grant Plaintiff's motion. ADT persuasively argues that the existence of such companies does not, without more, tend to show that those companies made calls to ADT's witnesses. Those other companies would have to not only exist, but also to engage in telemarketing. Defendants have made no representation that the other alleged companies did so. Accordingly, even if the Court were to admit evidence, or take judicial notice of, the other companies' existence, in the absence of evidence that those companies also engaged in telemarketing, the probative value of the evidence would be minimal at best. The risk of confusing the issues, however, would be high: jurors could be misdirected into a largely irrelevant inquiry into whether particular witnesses had been contacted by non-party companies whose conduct is not at issue in this case. Accordingly, even if the Court were to rule that Defendants had satisfied their pretrial disclosure requirements, the Court would be inclined to exclude evidence of the existence of companies with similar names to Security One pursuant to Federal Rule of Evidence 403.

At oral argument, Defendants suggested that they should be excused from their disclosure obligations because their questions amount to impeachment or, in the alternative, rebuttal. Both arguments are misguided. Impeachment is an attack on the credibility of a witness, not a method of providing alternate explanations for the perceptions of an otherwise credible witness. *See* Rutter Group Prac. Guide Fed. Civ. Trials & Ev. § 10:181. Defense counsel acknowledged that they had no ground to doubt the truthfulness of Mr. Scharfeld. As to rebuttal, rebuttal is typically offered by a *plaintiff* when a *defendant* has offered new evidence or theories. *Id.* § 9:376. Defendants' arguments misapprehend the nature of both impeachment and rebuttal at trial.

Defendants are hereby **ORDERED** to refrain from asking questions or otherwise suggesting to the jury the existence of other companies named Security One, or another, similar name. Nothing in this Order, however, prevents Defendants from exploring the basis of a witness's belief that the person who called the witness was an agent of Defendant Security One, or, if applicable, from pointing out the circumstantial nature of evidence tending to show that a call was placed by Defendant Security One. The Court **RESERVES** as to whether further admonishment is necessary. The jury has already been instructed that lawyers' questions are not evidence.

**IT IS SO ORDERED**.

Dated: September 16, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**