UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADT SECURITY SERVICES, INC.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**SECURITY ONE INTERNATIONAL, INC., ET AL.,**<br><br>    Defendants. | Case No.  11-cv-05149-YGR<br><br>**ORDER RE: DISCOVERY IN CONNECTION WITH ADT'S APPLICATION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 377, 391 |

Plaintiff ADT Security Services, Inc. ("ADT") filed a Motion for Order to Show Cause regarding alleged contempt by Defendant Security One International Inc. ("Security One"). (Dkt. No. 377.)  The Court heard argument on June 7, 2016.[1]  Subsequent to the hearing, the parties submitted requests for additional discovery in connection with the motion.  (Dkt. No. 399, 401.)

The permanent injunction in this matter provides, in part, that Security One is prohibited from "[m]aking any false representation to any ADT customer while soliciting the customer's business, including without limitation, as it relates to their relationship and/or affiliation with the manufacturer of the customer's alarm equipment (*i.e.* General Electric or Honeywell)."  The question central to determining whether Security One acted in contempt of this provision of the permanent injunction is: did Security One falsely represent that it was "an authorized GE Security Dealer" as of the time of the calls at issue?

The parties are in agreement that a deposition from the person most knowledgeable about

---

[1] Defendant Security One filed a Motion for Order to Show Cause regarding alleged contempt by ADT, on which the Court heard argument June 7, 2016, as well.  Subsequent to the hearing, in their June 15, 2016 filing, Security One indicated that, based upon ADT's supplemental filing on May 26, 2016, Security One no longer seeks additional discovery on the subject of its contempt allegations, but rests on its papers and requests only an award of attorneys' fees and an admonishment of ADT for its conduct.  (*See* Dkt. No. 401 at n.2.)

the relationship between Security One and UTC Fire & Security Americas Corporation ("UTC"), the company that acquired GE Security in March of 2010,[2] is necessary to answer the central question here. The Court agrees that this discovery is appropriate and **ORDERS** that the parties may conduct a Rule 30(b)(6) deposition of a representative of UTC on the subjects of the relationship between UTC and Security One; any authorization by UTC permitting Security One to represent itself as an authorized GE Security dealer; and any efforts undertaken by Security One to clarify that relationship and authorization from October 2013 to present.

In addition, however, ADT seeks discovery ranging beyond these limitations. First ADT asks that the Court permit discovery related to UTC, including:

- all communications between UTC and Security One from September 2013 to present;
- all records of UTC concerning that relationship; and
- records concerning UTC's decision to terminate all dealers' rights to claim GE dealer status.

Reaching beyond this, ADT seeks discovery from Security One encompassing:

- all recordings of telemarketing calls placed from October 2013 to the present;
- all call scripts defendants provided the telemarketers from October 2013 to the present; and
- all customer call lists defendants gave the telemarketers from October 2013 to the present.

And with respect to ADT's anticipated damages, ADT also seeks production of:

- defendants' list of customers who signed contracts with Security One from October 2013 to the present; and
- the contracts by which defendant sell their new accounts to other companies.

The Court finds that this requested discovery far exceeds the bounds of the alleged contempt at issue here. Of the requests, only discovery concerning the content of the telemarketing scripts during the time period enc the alleged violations in ADT's "Notice of Alleged Violation" appears appropriate at this juncture. Thus, the Court will permit discovery of Security One telemarketing scripts in use from October 2013 to August 2015.

Absent further evidence, arising from the Rule 30(b)(6) deposition or otherwise, that Security One has engaged in conduct in violation of the injunction, the request for authorization to

---

[2] *See* Declaration of Angie Gomez, Dkt. No. 377-1, at ¶ 4.

engage in this additional discovery is **DENIED**.

Therefore, based upon the foregoing, the Court **ORDERS**:

(1) the parties shall notice a Rule 30(b)(6) deposition of a representative of UTC to be conducted no later than **August 5, 2016**; and

(2) Security One shall produce to ADT, pursuant to the terms of the parties' stipulated protective order, all telemarketing scripts in use by Security One from October 2013 to August 2015 no later than **August 5, 2016**.

Once the discovery is completed, ADT may submit a supplemental brief of no more than 10 pages no later than **August 12, 2016**. Security One may file a responsive supplemental brief of no more than 10 pages no later than **August 19, 2016**. The Court will notify the parties if further hearing is required, and will entertain any reasonable, joint request to modify this schedule.

**IT IS SO ORDERED.**

Dated: July 12, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**