UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**ADT SECURITY SERVICES, INC.,**

Plaintiff,

v.

**SECURITY ONE INTERNATIONAL, INC., ET AL.,**

Defendants.

Case No.  11-cv-05149-YGR

**FURTHER ORDER DENYING CONTEMPT SANCTIONS ON CROSS-MOTIONS FOR ORDERS TO SHOW CAUSE RE: CONTEMPT OF INJUNCTION AND PROTECTIVE ORDER**

Re: Dkt. Nos. 377, 391

Plaintiff ADT Security Services, Inc. request (Dkt. No. 377) that the Court find by Defendant Security One International Inc. ("Security One") in contempt of the injunction in place in this matter is **DENIED**.  The parties initially stipulated to the terms of an injunction.  Based on subsequent contempt proceedings, in its January 3, 2013 Order, the Court modified the injunction to provide, in pertinent part:

> Defendants, their agents, independent contractors, servants, employees, officers, directors, and telemarketers are prohibited from making any false representation to any ADT customer while soliciting the customer's business, including *without limitation*, as it relates to their relationship and/or affiliation with the manufacturer of the customer's alarm system equipment (*i.e.* General Electric or Honeywell).

(Dkt. No. 185, January 3, 2013 Order, at 10, emphasis in original.)

On April 3, 2016, ADT filed the instant Motion for Order to Show Cause regarding alleged new acts of contempt by Security One.  (Dkt. No. 377.)  The Court heard argument on the motion on June 7, 2016, and directed the parties to submit an outline of any additional discovery needed with respect to the alleged contempt.  Subsequent to the hearing, the parties submitted requests for additional discovery.  (Dkt. No. 399, 401.)  The Court then ordered discovery[1] and further briefing concerning, the alleged contempt by Security One, which the parties submitted.  (Dkt. Nos. 403,

---

[1]  In its request, ADT sought discovery related to false statements other than Security One's "GE Security dealer" affiliation. (Dkt. No. 399:9-21.)  The Court denied such additional discovery unless the evidence supported a finding of contempt on the central issue in ADT's motion, whether Security One falsely represented it was an authorized GE Security dealer.  (Dkt. No. 403 at 1:21-22, 2:20-22.)

United States District Court
Northern District of California

1   405, 406, 408, 411.)

2        On October 19, 2016, the Court issued its order making preliminary findings regarding the asserted contempt motions, and ordering a scheduling conference concerning an evidentiary hearing. (Dkt. No. 412.) Based upon the evidence in the record to that point, the Court did not find the telemarketing scripts to establish clear and convincing evidence of contempt of the injunction, or that the agreement with UTC clearly precluded Security One from using its "authorized GE Security dealer" status in connection with selling monitoring services. The Court found some evidence to indicate that: (1) a Security One employee may have misrepresented himself as being employed by ADT; and (2) some Security One's telemarketers made statements misrepresenting their affiliation as being with "GE" rather than "GE Security" in certain calls. The Court ordered the parties to appear for a scheduling conference to discuss the scope of an evidentiary hearing, indicating that the inquiry would be focused on how often Security One's agents departed from the telemarketing scripts on this issue; and how material those deviations were in terms of damage to ADT.

        In response to the Court's October 19, 2016 Order, ADT indicated that it wished to expand the inquiry and to seek discovery regarding other kinds of false representations Security One may have made in order to support a contempt finding. (Dkt. No. 415.) ADT renews its contention that it should not be limited to the issue of whether Security One was permitted to state an affiliation with GE Security in establishing contempt here.

        Certainly, ADT's motion and reply listed a number of ways in which ADT believed Security One's telemarketing efforts were aimed at winning the confidence of ADT customers by suggesting that the customers were talking to a company with which they already had a relationship, such as by indicating that the telemarketer knew how much the customer was paying, who they were "placed" with for monitoring, or who made their security alarm equipment. However, the majority of the evidence and argument offered by ADT was focused on the GE Security-affiliation issue. (*See generally* Dkt. Nos. 377, 392; *see e.g.*, Dkt. No. 377 at 11:14-16 (arguing that Security One is falsely stating it is a GE representative and "wraps this core violation" with other misrepresentations).

United States District Court
Northern District of California

More importantly, the Court's review of the evidence offered by ADT, and its understanding of the entire record in this matter, leads it to conclude that these other, non-"core" "misrepresentations"—suggesting that Security One knows what customers are paying, that they were "placed" for monitoring, or their equipment manufacturer, and the like—are not material to the unfair competition claims here, much less clear and convincing evidence of contempt of the terms of the injunction.  ADT reads the injunction too broadly when it argues that the injunction's "making any false representation" term prohibits any statement by Security One that implies knowledge of the consumer's current security monitoring system, no matter how immaterial or indirect the implication is.

In the absence of evidence that Security One was making unauthorized statement with respect to its affiliation with General Electric, a finding of contempt is unwarranted.  To the extent that ADT believes these non-"core" misrepresentations are separately actionable as unfair competition, the appropriate court is to file a new action.  The Court will not expand this action and stretch the limits of the existing injunction to include these alleged statutory violations.

Thus, the Court concludes that ADT has not established by clear and convincing evidence that Security One failed to substantially comply with the Injunction.  The request for relief based upon the alleged contempt is **DENIED**.

As to Security One's request for an award of attorneys' fees and an admonishment of ADT for its conduct in violating the protective order in this matter (*See* Dkt. No. 401 at n.2), the Court finds these remedies unwarranted and the request is also **DENIED**.

**IT IS SO ORDERED.**

This terminates Docket Nos. 377 and 391.

Dated: January 9, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**