UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ADT SECURITY SERVICES, INC.**,<br><br>    Plaintiff,<br><br>    v.<br><br>**SECURITY ONE INTERNATIONAL, INC., ET AL.**,<br><br>    Defendants. | Case No. 11-cv-05149-YGR<br><br>**ORDER GRANTING IN PART ATTORNEYS' FEE MOTION OF DEFENDANTS SECURITY ONE INTERNATIONAL INC., AND CLAUDIO HAND**<br><br>Re: Dkt. No. 419 |

Defendants Claudio Hand and Security One International Inc. (collectively, "Security One") have filed their motion for Attorneys' Fees (Dkt. No. 419) seeking fees incurred in response to the motion of Plaintiff ADT Security Services, Inc. ("ADT") to hold them in contempt of the permanent injunction in place in this action.

Having carefully considered the papers and evidence submitted in support and in opposition to the motion, and the prior motions and orders in this action, and for the reasons set forth below, the Court **GRANTS IN PART** the motion for attorneys' fees, and awards defendants Claudio Hand and Security One International Inc. reasonable attorneys' fees in the amount of $55,137.50.

**I.    BACKGROUND**

On October 1, 2013, the Court issued a permanent injunction in this matter, the terms of which were based upon the stipulation of the parties. (Dkt. No. 371.) The injunction states, in pertinent part, "in the event ADT and Defendants are unable to resolve any alleged violations amongst themselves . . . ADT may file a motion or proceeding with this Court alleging such violation." (Dkt. No. 371-1 at 10.) The injunction also contains an unambiguous attorneys' fees

1    provision: "By agreement of the parties, the prevailing party in any such motion or proceeding
2    shall be awarded its attorney fees and all costs incurred in it." (*Id.*)  As ADT characterizes it, the
3    term is essentially a "loser pays" provision for further proceedings in connection with the
4    injunction.

5    ADT filed a Motion for Order to Show Cause alleging contempt of the injunction by
6    defendant Security One. (Dkt. No. 377.)  On October 19, 2016, the Court issued its order setting a
7    further scheduling conference for a hearing on the alleged contempt, finding that ADT had made
8    "a sufficient showing of possible contempt of the Permanent Injunction to warrant an evidentiary
9    hearing." (Dkt. No. 412 at 10:21-22.)  The Court ordered the parties to appear for a scheduling
10   conference to discuss the scope of an evidentiary hearing, indicating that the inquiry would be
11   focused on how often Security One's agents departed from the telemarketing scripts on this issue;
12   and, importantly, how material those deviations were in terms of damage, if any, to ADT.

13   On January 9, 2017, this Court issued its order denying ADT's motion to hold Defendants
14   Security One and Claudio Hand in contempt of the permanent injunction. (Dkt. No. 418.)  The
15   Court concluded that the evidence offered by ADT did not establish material misrepresentations
16   for purposes of showing unfair competition, and therefore did not rise to the level of clear and
17   convincing evidence required to show contempt to the injunction.

18   Defendants assert that they have incurred fees and costs in the amount of $66,631.60 in
19   connection with opposing ADT's unsuccessful motion for contempt, and an additional $1500 in
20   fees for the drafting of their petition for fees.  Defendants further assert that they met and
21   conferred with ADT on the subject of these fees and could not reach agreement.  ADT opposes as
22   on two fronts: (1) that it would be unfair to require them to pay fees under the loser-pays
23   provision; and (2) defendants' submission seeks fees not reasonably attributable to opposing
24   ADT's motion for contempt.  On the first point, ADT contends that the Court, in its remarks in
25   chambers prior to issuance of the January 2017 Order, indicated that the motion was moot because
26   of subsequent events, namely that defendants' GE Security dealer status had been withdrawn.
27   ADT argues that it would have sought reconsideration if it believed the Court was deciding the
28   motion on the merits of the evidence, and that it should be permitted to move for reconsideration

now if the Court is inclined to find defendants entitled to fees under the loser-pays provision.

The Court disagrees that its discussion in chambers with the parties about how they intended to proceed with an evidentiary hearing, and the sagacity of doing so, in any way alters the content of the order the Court ultimately issued. Nor did the Court's discussion with the parties alter ADT's ability to seek reconsideration timely. The Court's order setting the scheduling conference specifically stated that the inquiry in any evidentiary hearing would be focused on how often Security One's agents departed from the telemarketing scripts on the issue of affiliation with GE Security and how material those deviations were in terms of damage to ADT. In ADT's written submissions, and in its discussion at the scheduling conference, ADT made it clear that it sought to broaden the proceedings and to justify contempt with evidence of any false representation, regardless of whether it was material to ADT's unfair competition claims in this action. Once ADT clarified that it did not have additional evidence to present on the matters the Court found material to a contempt finding, the Court concluded, based upon the record submitted, that the showing to that point was insufficient to justify a finding of contempt. (Dkt. No. 418.) ADT's request that it now be given leave to make a motion for reconsideration of that order without justification and is denied.

On the second point, ADT argues that the bills submitted include numerous entries related to defendants' unsuccessful motion for contempt of the protective order. On this point, the Court agrees. Here, the billing records here indicate that some of the fees purportedly related to the opposition to ADT's motion for contempt are more appropriately attributed to Security One's unsuccessful motion for contempt of the protective order. Although Security One contends that the fees were incurred in mitigating harm from ADT's errors in publicly filing documents in connection with the contempt motion which should have been filed under seal, it does appear to the Court that some of the billings relate solely to defendants' motion for contempt of the protective order, and the award shall be reduced accordingly.

Defendants seek a total of $68,131.60, plus compensation for additional hours incurred in making the attorneys' fees motion. The Court finds that the hourly rate for counsel John O'Bryan of $400 per hour, and the discounted hourly rate for Andrew D. Winghart of $350 per hour, are

both reasonable. The Court has conducted its own careful review of the billing records submitted and has reduced the number of hours where they appear to be duplicative, excessive, or attributable to routine administrative tasks. The Court finds that O'Bryan reasonably incurred 100 hours, and Winghart incurred 43.25 hours, of legal work in connection with ADT's motion for contempt, for a total of $55,137.50 in attorneys' fees.

Accordingly, the Motion for Attorneys' Fee is **GRANTED IN PART**. Plaintiff ADT shall pay to defendants Claudio Hand and Security One International Inc. attorneys' fees in the amount of **$55,137.50** forthwith.

This terminates Docket No. 419.

**IT IS SO ORDERED**.

Dated: March 29, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**